## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROGER LAWS, JR.,

    Petitioner,

    v.

WARDEN,

    Respondent.

Civil Action No.:  SAG-22-3150

## MEMORANDUM OPINION

    Self-represented Petitioner Roger Laws Jr. filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") calculation of his sentence.  ECF No. 1.  Respondent filed an Answer to the Petition on April 10, 2023, asserting there was no error in the calculation of Laws' sentence.  ECF No. 10.  To date, Laws has not filed a reply.  Having reviewed the Petition and Answer, the Court finds that no hearing is necessary.  Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6. (D. Md. 2023).  For the reasons set forth below, the Court will deny the petition.

### I.    Background

    Laws is an inmate currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland").  Laws states that he was taken into custody by the U.S. Marshal from the Commonwealth of Kentucky on August 2, 2017.  ECF No. 1 at 6.  He was returned to Kentucky's custody on July 7, 2018.  *Id.*  He states that following the termination of his State sentence, he was released to federal custody once again to begin his federal sentence, which started on December 30, 2020.  *Id.*  Laws asserts that prisoners may receive credit towards

their federal sentences for the time served in state custody if the sole reason for state confinement is to turn the prisoner over to federal authorities.  *Id.* at 7.  Laws seeks to have the Court direct the BOP to grant him 11 months' time credit.  *Id.* at 8.

On January 28, 2005, Laws was convicted for conspiracy to commit bank fraud in the U.S. District Court for the Eastern District of Kentucky, Case No. 2:03-cr-00065-DLB-CJS ("*Laws I*"). ECF No. 10-2 at ¶ 4 (Jon McEvoy Decl.); ECF No. 10-2 at 53.  He was sentenced to time served and five years' supervised release and remanded to the custody of the U.S. Marshal Service for other pending federal criminal proceedings.  *Id.*; ECF No. 10-2 at 54-56.  On June 13, 2006, Laws was convicted for possession with intent to distribute cocaine base in the Eastern District of Kentucky, Case No. 2:05-cr-00089-DLB-CJS-1 ("*Laws II*").  ECF No. 10-2 at 64.  He was sentenced to 120 months' imprisonment and eight years' supervised release.  *Id.* at 65-67.

While serving his terms of supervised release on his federal convictions, Laws was arrested by the Lexington Police Department in Kentucky on November 5, 2015.  ECF No. 10-1 at ¶¶ 5-6. He was charged in Kentucky state court with various drug and firearms offenses.  *Id.* at ¶ 5; ECF No. 10-2 at 2-5.  Following his arrest, he was continuously held in Kentucky custody until he was convicted and sentenced in the Kentucky state court to a total of 10 years' incarceration with credit for time-served, to run consecutive to any federal sentence imposed for violations of supervised release.  ECF No. 10-1 at ¶¶ 5, 7; ECF No. 10-2 at 7-9, 12-13.

On August 2, 2017, the U.S. Marshal took Laws into federal custody pursuant to a writ of habeas corpus *ad prosequendum* for proceedings before the Eastern District of Kentucky.  ECF No. 10-1 at ¶ 8; ECF No. 10-2 at 17.  Laws was found to have violated the terms of his supervised release.  His supervised release was revoked, and he was sentenced to concurrent terms of imprisonment of 36 months in *Laws I* and 48 months in *Laws II*, to run consecutive to his state

sentence. *Id.* at ¶ 9; ECF No. 10-2 at 23-24, 26-27. Following these proceedings in federal court, Laws was returned to Kentucky custody on July 6, 2018. *Id.* at ¶ 11; ECF No. 10-2 at 17. While his federal proceedings were pending, Laws was held at Campbell County Detention Center, a facility operated by the Kentucky Department of Corrections. *Id.* at ¶ 10; ECF No. 10-2 at 17. Following his return, Laws completed his Kentucky sentence on December 30, 2020, and was transferred to the exclusive custody of BOP. *Id.* at ¶ 12; *see* ECF No. 10-2 at 17, 29-31.

The BOP avers that Laws' sentence was computed at a 48-month term, the aggregate of the sentence imposed by the Eastern District of Kentucky for Laws' violations of supervised release. ECF No. 10-1 at ¶ 13; *see* ECF No. 10-2 at 45-46. His sentence having commenced December 30, 2020, has a projected good conduct time release date of May 27, 2024. ECF No. 10-2 at 44. The BOP asserts that the 11-month period between August 2, 2017, and July 7, 2018, cannot be credited to Laws' federal sentence pursuant to 18 U.S.C. § 3585 because it was verified that this time was credited towards his Kentucky sentence. ECF No. 10-1 at ¶ 14. Respondent submits the Kentucky Department of Corrections Sentence Record showing that Laws was a state inmate from the time of his arrest in 2015 until his release in December 2020, all of which was credited to his Kentucky sentence. ECF No. 10-2 at 33-35.

## II.    Discussion

It is the responsibility of the United States Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences of prisoners committed to the custody of the United States or the District of Columbia and apply credit where it is due. 18 U.S.C. § 3624; *see also Leavis v. White*, 898 F.2d 154 (6th Cir. 1990) (citing *United States v. Norman*, 767 F.2d 455, 457 (8th Cir. 1985)); *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979). Where the BOP errs in the execution of a federal sentence, a remedy is available through a habeas petition

filed pursuant to 28 U.S.C. § 2241.  A § 2241 petition attacks the manner in which a sentence is executed.  28 U.S.C. § 2241(a); *see also Jones v. Hendrix*, 599 U.S. 465, 475 (2023) (§ 2241 relief is available when prisoner "might wish to argue that he is being detained in a place or manner not authorized by the sentence …").

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  If the sentencing judge does not direct that a term of confinement shall be served concurrently with another sentence, the imposed sentence is run consecutive to any other term of imprisonment.  18 U.S.C. § 3584 ( providing that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").  Under 18 U.S.C. § 3585(b), a defendant is not entitled to credit toward the service of a term of imprisonment if the period in question has been credited against another sentence.  *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (holding that the intent of 18 U.S.C. § 3585(b) is to prevent double credit incurred before commencement of sentence).

A federal sentence does not begin until the Attorney General receives the defendant in custody for service of that sentence.  18 U.S.C. § 3585(a).  Previous periods of custody are credited in accordance with 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

4

The statute establishes that a defendant is not entitled to "double credit" toward a state sentence and a federal sentence before imposition of the federal sentence at issue. *United States v. Wilson*, 503 U.S. 329, 337 (1992).

The court also considers which sovereign – state or federal – has primary jurisdiction over the defendant. When a defendant has both state and federal charges, the sovereign to first arrest the defendant has primary jurisdiction over the defendant, and retains that status until it is relinquished. *Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Dickens v. Stewart*, No. CIV.A. DKC 13-0795, 2014 WL 858977, at *2 (D. Md. Mar. 4, 2014) (citing *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998)). Primary jurisdiction may be relinquished by expiration of the defendant's sentence. *See, e.g., Cole*, 416 F.3d at 897.

Once a sovereign relinquishes primary jurisdiction over an individual, another sovereign may assume primary jurisdiction over that person. *Id.* Primary jurisdiction is not relinquished merely because a defendant is borrowed from the custody of the state via a writ of habeas corpus *ad prosequendum* for purposes of conducting criminal proceedings. *Id.*; *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998); *Dickens*, 2014 WL 858977, at *3 (citing *Thomas*, 962 F.2d at 358–60). Following the completion of its criminal proceedings, the receiving jurisdiction returns the defendant to the jurisdiction from which he was borrowed pursuant to the writ; the jurisdiction that "loans" a defendant to another sovereign for prosecution does not relinquish primary jurisdiction over that inmate. *Cole*, 416 F.3d at 896–97; 18 U.S.C. § 3585(a).

Laws was in the primary custody of Kentucky upon his arrest on November 5, 2015, by the Lexington Police Department. Kentucky retained primary jurisdiction until Laws' sentence was discharged on December 30, 2020. While serving his Kentucky sentence, Laws was taken

into temporary custody by federal authorities on one occasion pursuant to a writ of habeas corpus *ad prosequendum*. Kentucky did not relinquish its primary jurisdiction during this period. Rather, federal authorities merely borrowed Laws to complete the prosecution of his pending charges for violation of his federal supervised release. Importantly, Laws was receiving credit toward his Kentucky sentence during this time, and his 48-month federal sentence was ordered to run consecutively to any state sentence. Pursuant to 18 U.S.C. § 3582(b), Laws is not entitled to credit for the 11 months he was borrowed by the federal authorities, as such a credit would constitute impermissible double credit for the same period for which he received credit to his Kentucky sentence. Thus, Laws was not serving his federal sentence until his Kentucky sentence ended on December 30, 2020. Since he was transferred to BOP custody that same day, he is not entitled to any additional credits. The Court finds that the BOP properly calculated the execution of Laws' sentence.

### III.    CONCLUSION

For the foregoing reasons, by separate Order which follows, the Petition shall be denied and dismissed.


___May 3, 2024_____                                   _____/s/_____
Date                                                             Stephanie A. Gallagher
                                                                     United States District Judge